

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL L. SILVER, | ) | CASE NO. 1:24 CV 690 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| PHILIP CHRISTOPHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Terrell Silver brings this civil rights action under 42 U.S.C. § 1983 against the Cuyahoga County Correctional Center Warden, two Associate Wardens and the Cuyahoga County Executive. He alleges he was held in segregation after he was found not guilty of the conduct charge. He asserts that this placement violated his First, Eighth, and Fourteenth Amendment rights. He seeks monetary damages.

**Factual and Procedural Background**

Plaintiff is a convicted inmate who was returned to the Cuyahoga County Corrections Center from the Trumbull Correctional Institution in April 2023 pursuant to a grand jury subpoena. In June 2023, he was accused of engaging in sexual acts with a Corrections Center officer. He indicates he was later found not guilty of that behavior at a conduct hearing. Nevertheless, a decision was made to place him in administrative segregation. He states he was not provided with documentation to support this placement. He contends that while in administrative segregation he was denied religious rights. He does not elaborate on that

statement. He contends he was denied due process and his hearing was void because it was not held within the 48 hour time frame established by Cuyahoga County's policy. He claims he is being held under in conditions that constitute cruel and unusual punishment, is denied religious rights, and was denied due process. He seeks unspecified monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

-2-

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Plaintiff first claims he was placed in administrative segregation without due process. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. Sandin, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485. The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement, such as segregation. *Wilkinson*, 545 U.S. at 221.

Generally, unless the placement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement was considered to be "within

the range of confinement normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487. Plaintiff does not state that he was denied good time credits. There is no indication that the due process clause was implicated by placing him in administrative segregation.

Furthermore, Plaintiff asserts that he was denied due process because the County did not follow its own policy by failing to conduct a hearing within 48 hours of being charged with the conduct offense. A state or county official's failure to abide by its agency's own regulations does not, by itself, rise to the level of a constitutional violation. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996) (quoting *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99, 111, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)). Plaintiff has not alleged facts to suggest he was otherwise denied due process at this hearing.

Plaintiff also asserts, without explanation that the Defendants violated his Eighth Amendment rights. To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Id.* The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive

-4-

adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Placement in segregation, alone, does not violate the Eighth Amendment. *Id.* Plaintiff does not allege facts suggesting the conditions in segregation exceeded mere discomfort and amounted to a serious risk to his health and safety that would trigger constitutional protections.

Finally, Plaintiff claims his "religious rights have been stripped" from him. (Doc. No. 1 at PageID #: 5). He does not allege any facts that pertain to his religion. This claim is stated solely as a legal conclusion. Legal conclusions are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 18th, 2024

---

[1] 28 U.S.C. § 1915(a)(3) provides:

>An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.